HUNT *et al.* v. GARDNER.*

(Division A.   April 4, 1927.)

[112 So. 7.   No. 25770.]

1. CONTRACTS. *Court, in construing contract, should ascertain parties' intention from their situation at time contract was made, looking also to subject-matter.*

Court, in construing a contract, should place itself in the situation of parties at time contract was made, and ascertain inten-

tion from the contract in the light of such situation, looking also to the subject-matter of the contract.

2. PRINCIPAL AND AGENT. *Agent's commission dependent on payment of royalty to principal could not be defeated by reducing royalty without agent's consent thereto.*
Where contract of agency for promotion of the use of certain process of road and street paving provided for commission to agent dependent on royalty collected by principal from various contractors, agent's right to compensation could not be defeated by reducing royalty below amount fixed by express terms of contract, unless he agreed thereto, and thereby waived his right to compensation growing out of particular contract.

3. ATTACHMENT. *Nonresident creditor may maintain attachment within state against nonresident debtor.*
Nonresident creditor has right to maintain an attachment within state on ground that the defendant debtors are nonresidents.

4. ATTACHMENT. *Compensation to sales agents as royalty under terms of contract became due after settlement with contractor, authorizing attachment therefor.*
After settlement by sales agents with contractor for royalty accruing to them under terms of contract, and releasing him from further liability thereon and accepting in lieu thereof obligation of city for whom work was done, the compensation to which they were entitled under the contract became due so as to authorize an attachment therefor.

*Corpus Juris-Cyc. References: Agency, 2CJ, p. 753, n. 44; Attachment, 6CJ, p. 39, n. 80; p. 83, n. 35; p. 84, n. 40, 41, 42; Contracts, 13CJ, p. 542, n. 30, 31; p. 543, n. 32; Intention of parties to be ascertained and given effect in construction of contracts, see 6 R. C. L. 835; 2 R. C. L. Supp. 218; 4 R. C. L. Supp. 443; 5 R. C. L. Supp. 371; 6 R. C. L. Supp. 412.

APPEAL from circuit court of Winston county.

HON. W. W. MAGRUDER, Special Judge.

Suit by Walter H. Gardner against C. A. Hunt and another. Judgment for plaintiff, and defendants appeal. Affirmed.

*E. M. Livingston* and *Z. A. Brantley,* for appellants.

I. *The verdict is contrary to the evidence.* This case should be decided upon the contract entered into by

the parties. The contract seems to be predicated upon the theory that appellee is to be paid on all contracts wherein a royalty of thirty cents per square yard is collected by the appellants. The contracts sets forth that fact clearly and we submit that appellee is not entitled to any commissions on any contract that does not carry a royalty of thirty cents. Any contract made carrying a different royalty than thirty cents per square yard is not covered nor contemplated in the contract entered into by the parties.

The contract relied upon by appellee speaks for itself and sets out the conditions, carrying a fifteen-cent royalty instead of a thirty-cent royalty. We submit that under the contract itself no royalty is provided and no commissions are provided which would inure to the benefit of appellee and that appellee can collect nothing on this contract or any other contract in the state of Mississippi that provided a royalty of less than thirty cents per square yard.

II. *The verdict is contrary to law.* Appellee set out in his affidavit for attachment all of the eleven statutory grounds of attachment, but the only one relied upon and the only one contended for by counsel in the lower court was the first statutory ground: "That the defendant is a foreign corporation, or a nonresident of this state."

The proof clearly shows that all the parties to this suit were residents of the state of Tennessee, but it further shows that appellants were served with personal service by the sheriff of Winston county. They were in the town of Louisville at the time or immediately after the time the suit was filed and were within the jurisdiction of this court. See *Hackettstown Bank* v. *Mitchell*, 28 N. J. L. 516; *Kugler* v. *Shreve*, 28 N. J. L. 129.

Nonresidence alone is not a sufficient ground for an attachment, but in order for an attachment to stand on this ground, it must be shown that the defendant is indebted to plaintiff and that the debt is due. In view of

this position we call the court's attention to *Mack* v. *Jacobs*, 70 Miss. 429.

If the above view is correct and the attachment should have failed and been dismissed, then the court would have had no jurisdiction of the parties, all of them being nonresidents of the state of Mississippi. *Courtney* v. *Pradt*, 160 Fed. 561.

*Flowers, Brown & Hester*, for appellee.

I.   Counsel for appellants insist that appellee was entitled to nothing on the paving laid at Louisville because they received only fifteen cents per square yard as royalty instead of thirty cents per square yard, as provided in the contract of employment.

The construction placed on the contract by counsel for appellants is entirely erroneous.   The clause on which they rely is not a condition which determines appellee's right to compensation, but such clause was inserted in the contract to show on what basis appellee was authorized to let contracts for the Willite paving process, to show the source or fund from which his commission was to be paid, and to fix the time when appellee should be entitled to collect compensation. *Hart* v. *Gardner*, 74 Miss. 153, 20 So. 877; *Waddell* v. *DeJet*, 76 Miss. 104, 23 So. 437.   An instrument is to be construed most strongly against the person who draws it. *Home Mut. Fire Ins. Co.* v. *Pittman*, 111 Miss. 420, 71 So. 739.

The construction placed on the contract in question by counsel for appellants is not entitled to much weight. Such construction is not justified by the wording of the instrument itself; and looking at it from the situation of the parties and considering the subject-matter of the contract, we think it very unreasonable to say that the parties intended to enter into an agreement which required appellee to work for appellants at his own expense on a commission proposition and gave appellants

the right to defeat his right to compensation at will. *Harris* v. *Townsend,* 101 Miss. 590, 58 So. 529.

II. *Was appellee entitled to an attachment against appellants?* They are nonresidents. This is admitted. Then it would seem that the attachment was proper. The right to it is given under the first ground for attachment enumerated in the statute. Section 129, Code of 1906 (section 121, Hemingway's Code).

However, counsel for appellants say that appellee was not entitled to the attachment because he was a nonresident also. This question was settled in *Barrow* v. *Burbridge,* 41 Miss. 622. The remedy by attachment was extended after the decision of the case of *Hosey* v. *Ferriere,* by act of March 3, 1848, to nonresidents against the estates of nonresidents. Article 17, Hutch. Code, page 823.

Under this statute the attachment in the case of *Beer* v. *Hooper,* 32 Miss. 246, was sued out, which case is cited and relied upon by counsel for defendants in error, as settling the question presented in this assignment of error in favor of the defendants in error.

This case cannot settle any question arising under an attachment in this case now under consideration as the right was expressly given by the statute of 1848 to nonresidents to sue out an attachment against a nonresident. The validity of the attachment in this case has to be tested by the revised statute of the attachment law in the Revised Code of 1857. See article 1 of this law, page 372.

In the use of the language "the creditor" it seems to us the codifiers intended to give the remedy of attachment to all creditors, residents as well as nonresidents of the state of Mississippi.

The present law on attachment is very similar to that in force in 1857 on this subject. The statute giving the right to the action is the same now as then and the ground in question, that of nonresidence, is the same. All par-

ties to the action in *Barrow* v. *Burbridge, supra,* were nonresidents, as here, and we insist that the decision in that case settles the question here.

COOK, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Winston county, growing out of the following state of facts: Appellee was the agent of appellants, employed by them to promote the use of the Willite process of road and street paving in the state of Mississippi, the contract of employment being in words and figures as follows:

"Memphis, Tenn., Jan. 19, 1925.

"Mr. Walter H. Gardner, Leland, Miss.—Dear Sir: Pursuant to our conversation with you to-day you are hereby appointed our representative to promote the use of the Willite process of road and street paving in the state of Mississippi, to which you are to give your whole time and attention. The appointment thus made will continue for a period of two (2) years from this date.

"For your services we agree to pay you ten cents (10¢) per square yard of finished road or street. Such payment is to apply to each square yard of finished road or street laid in the state of Mississippi during the life of this contract, whether any particular contract shall have been secured by you or not.

"It is understood between us, however, that the amount thus agreed to be paid to you arises from the royalty of thirty cents per square yard to be paid to us from the various contractors, and the payment to you shall be due only when and as such royalty is received by us.

"If at the end of this time of two years there has not been sufficient work secured, or in sight, to justify a continuance of the contract, it shall end. This condition shall be determined by you and us mutually. If for any reason we do not agree, then you shall appoint an arbitrator, and we shall appoint an arbitrator, and these two shall appoint a third arbitrator, and these three shall deter-

mine whether the contract shall continue for another two-year period under the same conditions as this contract. [Signed] Hunt & O'Connor, by C. A. Hunt.

"Accepted Jan. 20, 1925, Walter H. Gardner, by Frank O'Connor."

A contract for the Willite process of paving to be used in a paving project in the town of Louisville, Miss., was secured; the contractor being Dick H. Hogan. Appellants and appellee were all active in advertising the Willite process to Hogan and the town of Louisville, and all the parties made trips to Louisville in the interest of the contract. By agreement between the appellants and Hogan the bid for this paving was submitted on a basis of fifteen cents per square yard of pavement to be paid to appellants by Hogan as royalty on the Willite process. Hogan laid thirty-one thousand eight hundred thirty and five-tenths square yards of Willite paving in the town of Louisville under the contract, and on this appellee claimed that appellants owed him ten cents per square yard, or a total of three thousand one hundred eighty-three dollars and five cents. Appellants refused to pay this or any other sum, insisting that they were due him nothing since the contract with Hogan called for only fifteen cents per square yard as royalty, and that the contract of employment between appellants and appellee contemplated that he should be paid nothing on contracts where appellants received less than thirty cents per square yard as royalty.

On December 9, 1925, appellee instituted this suit by an attachment in the circuit court, the affidavit alleging practically all the grounds for attachment enumerated in the statute, and further alleging the fact of appellants' indebtedness to him, and requesting that the Hogan Construction Company and the town of Louisville be garnished as provided by law. The writs of garnishment were issued and served, and Dick H. Hogan, trading as Hogan Construction Company, answered that there was due to appellants the sum of four thousand seven hun-

dred seventy-four dollars and fifty-seven cents for roy-
alties under the contract with the town of Louisville, but
that he had theretofore ordered the town of Louisville
to pay them that amount; that appellants had released
him from further liability for said sum, and suggested
that the town of Louisville was indebted to appellants in
the sum of four thousand seven hundred seventy-four
dollars and fifty-seven cents or had delivered this sum
to the clerk of the circuit court. The town of Louisville
answered that its warrant for the sum of four thousand
seven hundred seventy-four dollars and fifty-seven cents
in favor of appellants had been delivered to the sheriff·
of Winston county. ·

On the trial in the court below the court peremptorily
instructed the jury to find for the appellee on the attach-
ment issue, and construed the contract to entitle the ap-
pellee to recover ten cents per square yard for each yard
of Willite paving laid by the Hogan Construction Com-
pany in the town of Louisville, unless he consented and
agreed to the reduction of the royalty to be paid by Hogan
from thirty cents per square yard to fifteen cents per
square yard of finished paving, and upon conflicting evi-
dence upon this point the cause was submitted to the jury
under instructions properly submitting this issue. Upon
this conflicting evidence the jury found for the appellee
and returned a verdict in his favor for the sum of three
thousand one hundred eighty-three dollars and fifty-five
cents, and, from the judgment entered thereon, this ap-
peal was prosecuted.

On the debt issue the several assignments of error
involve a construction of the provisions of the contract
fixing the compensation to be paid to the appellee for his
services in promoting the Willite paving process. The
contract obligated the appellee to give his entire time and
attention for a period of two years to the work of pro-
moting the use of this kind of road and street paving
in the state of Mississippi, and as compensation for such
services the appellants agreed to pay him the sum of·

ten cents for each and every square yard of such paving laid in the state of Mississippi during the life of the contract, without regard to whether or not any particular contract was secured by him. It was further agreed, however, that the amount thus agreed to be paid to appellee should be paid out of the royalty of thirty cents per square yard to be paid to appellants by the contractors who laid the paving, and that the payments to appellee should be due only when and as such royalty was received by the appellants, and the appellants contend that under these provisions the appellee was to receive compensation only on contracts wherein a royalty of thirty cents per square yard was provided for and collected by appellants, and that on all contracts in which a royalty of less than thirty cents was provided for and collected the appellee was entitled to no commission or compensation.

Bearing in mind that "it is the duty of the court, in construing a contract, to place itself in the situation of the parties at the time the contract was made, and to ascertain their intention from the contract in the light of that situation, looking also to the subject-matter of the contract," we do not think the construction of this contract contended for by appellants is maintainable. The appellants were the sales agents for the Willite process for mixing and laying pavement in the state of Mississippi. They found it necessary or desirable to employ an agent to advertise the process and secure contracts for its use. Contractors who desired to use this process for paving in Mississippi had to obtain the right to do so from the appellants, and for this right they required the contractors to pay them a royalty on each square yard of such paving laid. The record does not disclose the maximum royalty, if any, that the owners of the process permitted the appellants to charge, but it is manifest from the contract that a royalty of thirty cents per square yard was usual and was in the contemplation of the parties at the time of the execution of the contract. The ap-

pellee had no right or authority to fix the amount of the royalty to be charged or to promote and consummate a contract providing for a royalty of less than thirty cents without the consent of the appellants. The appellants, as principals in the contracts and owners of the right to use this process in the territory involved, had the right to reduce the royalty or change the amount thereof as they saw fit, and, if the construction of the contract contended for by appellants is maintained, they could, by the simple expedient of reducing the royalty to twenty-nine cents per square yard, deprive the appellee of all compensation for his labor and efforts in their behalf during the two years, and at the same time increase their profit nine cents on each square yard of paving laid in the state. That the contract should confer upon the appellants the power to bring about such a result was certainly not within the contemplation of the parties at the time of its execution. The words "the royalty of thirty cents per square yard" as used in the contract are descriptive of the fund out of which the appellee's compensation was to be paid, and "the royalty" is thereby described and fixed at thirty cents per square yard. In order for the appellants to defeat the appellee's right to the compensation fixed in the contract by reducing the royalty below the amount fixed by the express terms of the contract, it would be necessary for them to show that the appellee consented or agreed to such reduction, and thereby to waive his right to compensation growing out of the particular contract. The appellants contend that the testimony shows such consent or agreement on the part of the appellee, but as we view the testimony upon this point it is conflicting, and this issue was submitted to the jury under instructions for both parties which clearly and properly presented the issue.

It appears that the only ground upon which the peremptory instruction on the attachment issue would be justified was that of nonresidence of the defendants. Both the plaintiff and the defendants were nonresidents

of this state, but the right of a nonresident creditor to maintain an attachment in this state on the ground that the defendant debtors are nonresidents was expressly upheld in the case of *Barrow* v. *Burbridge,* 41 Miss. 622, where, in discussing a statute which, upon this point, is practically identical with the present statute, the court· said:

"In the use of the language 'the creditor,' it seems to us the distinguished codifiers intended to give the. remedy of attachment to all creditors, residents as well as nonresidents, of the state of Mississippi.

"If this is not the intention of the codifiers and the legislature, they could have easily limited the right to resident creditors against nonresident debtors. Seeing proper not to limit the remedy by specific words, it follows that the statute was intended to extend the remedy to all creditors."

The appellants also contend that this attachment was not maintainable for the reason that the evidence fails to show that the debt sued for was due at the time the suit was instituted. There are statutory grounds which authorize an attachment against a debtor for a debt that is not due, but it has been held by this court that—"To authorize an attachment against a debtor on the ground of nonresidence, the debt must be due." *Mack* v. *Jacobs,* 70 Miss. 429, 12 So. 444.

A fair interpretation of the testimony shows that the laying of the paving had been completed at the time of the institution of the suit and that negotiations for a final settlement between the town of Louisville and the appellants were then in progress, but that a warrant for the sum due had not actually been delivered to them. The contract between the parties provided, however, that the appellees should be paid out of the royalty to be paid to the appellants by the contractors, and the proof shows without conflict that prior to the institution of the suit the appellants had fully and completely settled with the contractor for all royalty accrued or to accrue under the

terms of the contract, and had fully released the said contractor from all further liability therefor, accepting in lieu thereof the liability or obligation of the town of Louisville. Having settled with the contractor for all royalty to accrue under the terms of the contract, we think the compensation to which the appellee was entitled under the contract became due so as to authorize an attachment therefor.

The judgment of the court below will therefore be affirmed.

*Affirmed.*