## WHEAT *et al.* v. J. J. WHITE LUMBER CO.*

(Division B.  March 19, 1928.)

[116 So. 103.  No. 26998.]

*Corpus Juris-Cyc. References: Logs and Logging, 38CJ, p. 148, n. 63.

*Mayson & Kelly,* for appellants.

616

*R. D. Ford* and *J. C. Shivers,* for appellees.

ANDERSON, J. Appellants filed the bill in this case in the chancery court of Pearl River county against appellee. Appellee demurred to the bill, which demurrer the court sustained. Appellants declining to plead further, a final decree was rendered dismissing their bill. From that decree appellants prosecute this appeal.

We deem an abstract rather than a concrete statement of the case sufficient.

Where the owner of land conveys the standing timber thereon to one person with the limitation that the timber shall be removed within a certain named period, and conveys the land by warranty deed to another person with-

out any reference in the deed as to the reversion of the timber in case it is not removed within the period limited for its removal, and the timber is not removed within such period, question, To whom does the timber revert, the original grantor of the land and the timber, or to his grantee of the land by warranty deed? We hold that the timber goes to the latter, for the following reasons: It is settled by a long line of decisions of this court that the term "land" embraces not only the soil, but the standing timber thereon, some of which cases are *Harrell* v. *Miller*, 35 Miss. 701, 72 Am. Dec. 154; *Walton* v. *Lowrey*, 74 Miss. 484, 21 So. 243; *Fox* v. *Pearl River Lbr. Co.*, 80 Miss. 1, 31 So. 583; *Wilson* v. *Lumber Co.*, 114 Miss. 190, 74 So. 825; *Hall* v. *Lbr. Co.*, 89 Miss. 588, 43 So. 2, 119 Am St. Rep. 709.

Therefore where the grantor of land owns the entire estate in the land, including the standing timber thereon, and conveys the land without any reservation of the standing timber, the grantee gets both the land and the standing timber. In other words, the standing timber goes with the land, if it is not reserved in the conveyance.

But the question here is, if the grantor of the land has, at the time of his conveyance of the land, only a reversionary interest in the standing timber thereon, whether such reversionary interest in the standing timber, without being reserved to the grantor in the deed, goes to his grantee.

Words of inheritance in a will or a conveyance are unnecessary, and every estate in lands conveyed, or devised, will be presumed to be a fee-simple estate unless a lesser estate is limited by express words. Section 2764, Code 1906 (Hemingway's Code 1927, section 2423).

It is true that at common law a mere possibility, such as an heir's expectancy of an inheritance, was not regarded as having such a present existence as to be the subject of a sale and conveyance. But in equity the rule was different. Estates in expectancy were the subject of conveyance, and some courts have upheld them as being

in reality binding contracts to convey. 8 R. C. L., section 116, pp. 1062, 1063.

Any outstanding title acquired by a grantor in a deed of general warranty inures to the benefit of his grantee. Section 2767, Code 1906 (Hemingway's Code 1927, section 2426), provides that a quitclaim and release shall be sufficient to pass all the estate or interest the grantor has in the land conveyed, and shall estop the grantor and his heirs from asserting a subsequently acquired adverse title to the lands conveyed. It is unnecessary, however, in this case, to determine what effect a quitclaim deed would have on appellant's rights, for we are dealing here with a conveyance containing a covenant of general warranty. Under such a conveyance the grantor and those holding under him are estopped from asserting a subsequently acquired adverse title. *Wightman* v. *Doe,* 24 Miss. 675; *Garner* v. *Garner,* 117 Miss. 694, 78 So. 623. The case of *Brown* v. *Minden Lbr. Co.,* 148 La. 175, 86 So. 727, seems to be directly in point. In that case, the court held that the owner of land having sold the standing timber thereon, providing in the deed for its removal within a specified period, and, having subsequently conveyed the land by deed of warranty, divested himself of all interest in the property, including both timber and land. The court said, among other things:

"Quite a number of authorities have been cited by plaintiff to the point that the ownership of the timber may be vested in one person and the land in another, but they clearly have no application to the present case. Even if it could be said that the sale of the timber with a fixed time for its removal, and the subsequent sale of the land without mention of the reversionary rights in the timber, left the ownership of the timber in the original vendor, we think the clause in the deed to Hughes for the land, above quoted, in which he conveyed 'all the rights . . . held therein by said vendor,' was so all-

inclusive in its scope as to preclude any possibility of doubt as to the intention of the parties, regardless of what the legal effect might have been otherwise.''

In *International Lbr. Co.* v. *Staude,* 144 Minn. 356, 175 N. W. 909, the court held that, where one of the provisions of the timber deed was that the grantee should cut and remove the timber within fifteen years from the date of the deed, and that during that time and as long as the timber was not cut he should have the exclusive right to occupy the lands on which the timber was located and should pay all taxes which fell due prior to the cutting of the timber, the grantor in such deed had a contingent reversionary interest in the timber, which he might convey or reserve to himself in a deed of the land subsequently executed. To the same effect are *Deer Creek Lbr. Co.* v. *Sheets,* 75 W. Va. 21, 83 S. E. 81; *Hornthal* v. *Howcott,* 154 N. C. 228, 70 S. E. 171; *Sutton* v. *Gray Lbr. Co.,* 3 Ga. App. 377, 60 S. E. 2.

This principle applies not only to the entire estate in the land, but any interest therein which is susceptible of separate ownership and conveyance. A grantor of land in a deed of general warranty and those holding under him are not only estopped from asserting a subsequently acquired adverse title to the entire interest in the land, but such estoppel extends to any interest in the land which is susceptible of separate ownership and conveyance. The standing timber on land is susceptible of such separate ownership and conveyance, as this court has held. It is such an interest as this court has held susceptible of separate ownership and conveyance from the balance of the estate and land.

*Affirmed.*