WEBB *v.* JACKSON.

(Division A.  Feb. 17, 1936.)

[165 So. 809.  No. 32077.]

Thos. L. Bailey and B. A. Duncan, both of Meridian, for appellant.

Howard Westbrook, of Meridian, for appellee.

McGowen, J., delivered the opinion of the court.

In the county court of Lauderdale county, Emma L. Webb brought an action at law to recover judgment for

the amount of an open account against J. W. Jackson. The appellee, Jackson, filed a plea to the declaration, setting up his discharge in bankruptcy as to the debt sued on and attaching the judgment of discharge as an exhibit to the plea. It was alleged therein that the debt claimed by the appellant, Emma L. Webb, was a provable claim, scheduled in the bankruptcy proceeding, and was not embraced within the six exceptions, from which a discharge cannot be had under the acts of Congress. The adjudication in bankruptcy was on January 28, 1932; the petition for discharge was filed on the 11th day of March, 1932; and the discharge granted on April 19, 1932.

To appellee's plea of discharge in bankruptcy on the debt sued on, Mrs. Webb, the appellant, filed her replication, in which she admitted the adjudication and discharge in bankruptcy as set forth in the plea, but alleged that the said discharge was of no effect, for the reason that on March 14, 1930, J. W. Jackson, in the same federal court, was adjudicated a bankrupt and was not discharged as such within eighteen months from the adjudication. The debt here sued on was scheduled in both bankruptcy proceedings; and no question is raised as to its being a provable claim.

The court below sustained a demurrer filed by the appellee to the replication of the appellant, Mrs. Webb, upon the ground that the discharge in bankruptcy granted in 1932 by the federal court was not subject to a collateral attack in the state court, and that the judgment of discharge was res adjudicata of the rights of the creditor Webb as to the prior adjudication in the federal court. Thereupon an appeal was prosecuted to the circuit court, where the case was affirmed, and, from the judgment of the latter court, an appeal is prosecuted here.

We are of the opinion that the court below was correct in sustaining the demurrer to the replication of the appellant, Mrs. Webb.

The case presented is as follows: On March 14, 1930, J. W. Jackson was adjudicated a bankrupt; and Mrs.

Emma L. Webb was listed as his creditor and duly notified of all proceedings in this matter held in the bankruptcy court. Jackson did not apply for, or receive, a discharge in bankruptcy in that proceeding. Subsequently, on January 28, 1932, Jackson appeared in the same federal court, was adjudicated a bankrupt, and again Mrs. Webb was listed in the schedule and notified of all proceedings; her claim being the same as the one sued on in the state court. On March 11, 1932, Jackson filed his petition for a discharge, and on the 19th day of April, 1932, the federal court granted appellee's petition and entered the usual order of discharge in bankruptcy.

The replication now brings before us matter which, in our opinion, should have been presented to the federal court in the second bankruptcy proceeding as a reason for refusing the discharge of the particular debt herein involved. Upon the notice given in the second proceeding, Mrs. Webb failed to appear and plead the failure to receive a discharge in the first proceeding.

Section 32 of chapter 3, U. S. C. A., title 11, Bankruptcy Act, section 14, provides that "any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months." In the first bankruptcy proceeding Jackson did not apply for his discharge, and was not by that court discharged from any debts. It is the rule in the federal courts that, where the bankrupt fails to apply for or receive a discharge in one proceeding in bankruptcy, he is thereafter precluded from receiving a discharge in subsequent proceedings as to those creditors whose debts were scheduled in the first proceeding. 7 C. J., sec. 650, p. 368.

In the case of Freshman v. Atkins, 269 U. S. 121, at page 123, 46 S. Ct. 41, 70 L. Ed. 193, the United States Supreme Court held that "denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts." This case arose upon a direct appeal where no plea or objection was filed by the creditor in the subsequent proceeding, and the lower court took judicial notice of the pendency of the former proceedings ex mero motu. The court there held that it was not error for the court to take notice of the proceedings pending in its own court and of the failure of the bankrupt to procure his discharge from the debt in the former proceeding.

But we have a collateral attack upon the judgment of a federal court which is not void, and which most likely, so far as we are advised, might have been reversed, had there been an appeal prosecuted from the judgment of discharge attacked here. We think this case is controlled by the case of Bluthenthal v. Jones, 51 Fla. 396, 41 So. 533, 13 L. R. A. (N. S.) 629, 120 Am. St. Rep. 181. In that case Jones filed a voluntary proceeding in bankruptcy in the United States court in Georgia in the year 1900. B. & B. were then the creditors of Jones, and filed their claim, and resisted his application for a discharge from his debts, which resistance was successful, and the court made an order refusing his discharge. Jones, having subsequently moved to Florida, in the year 1903 filed an application in bankruptcy in the United States court in Florida. B. & B. were notified of this proceeding, but did not appear therein or raise the question of res judicata as to their claim against Jones. The United States court in Florida made a general order discharging Jones from all his debts. Thereafter B. & B. undertook to enforce their debt against Jones in the state court, and Jones pleaded his discharge. It was held by

the state court that full effect would be given to the discharge granted Jones, and that it would be applied to the debt due from him to B. & B., as it did not appear that the debt due B. & B. comes within any of the exceptions of section 17 of the Bankruptcy Act approved July 1, 1898, chap. 541, 30 Stat. 550 (see 11 U. S. C. A., sec. 35). This case was appealed to the Supreme Court of the United States, and the action of the Florida court was specifically approved by that court. 208 U. S. 64, 28 S. Ct. 192, 193, 52 L. Ed. 390. The court there said: "If there has been a conclusive adjudication of a subject in some other court, it is the duty of him who relies upon it to plead it or in some manner bring it to the attention of the court in which it is sought to be enforced. Plaintiffs in error failed to do this." B. & B. intentionally remained away from the court and allowed the discharge to be granted without objection.

There is a distinct difference between a direct and a collateral attack. It is probable, though we do not decide, as it is not within our province, that upon a direct proceeding in the federal court a discharge from this debt would have been denied Jackson had Mrs. Webb appeared and pleaded the former adjudication and failure to procure a discharge in the first proceeding. But a collateral attack upon a decree discharging Jackson from this debt cannot be permitted. There is no error in the record upon the points raised by counsel in this case.

Affirmed.