340 So.2d 734 (1976)
Hoyt FORBES et ux.
v.
COLUMBIA PULP and PAPER Company, Incorporated.
No. 49006.
Supreme Court of Mississippi.
December 14, 1976.
*735 Singley & Morgan, Emory E. Morgan, Columbia, for appellants.
Duff, Foxworth & McNeese, Thomas D. McNeese, Columbia, for appellee.
Before INZER, P.J., ROBERTSON and WALKER, JJ., and LOVE, Commissioner.
JOHN C. LOVE, Jr., Commissioner for the Court:[1]
This is an appeal by Hoyt Forbes and wife from a decree of the Chancery Court of Marion County, wherein the court held that the timber on a certain tract of land was not covered by a prior decision of this Court.
The same parties were before this Court in Forbes v. Columbia Pulp and Paper Company, Inc., 275 So.2d 92 (Miss. 1973). The principal issue now before the Court is whether the opinion and mandate included the right to the timber on the 160 acres of land involved.
The basic facts of this case are that on July 3, 1965, for the consideration of Fourteen Thousand One Hundred Sixty-six and 36/100 ($14,166.36) Dollars, the Forbes conveyed to Columbia Pulp and Paper Company, Inc., (hereinafter referred to as Columbia), a tract of land containing 160 acres. They reserved the right to remove the timber from said property for a period of two years from the date of the deed. On that same date, the parties to the deed entered into a separate contract under the terms of which Columbia, for the same consideration, agreed to convey back the 160 acres to the Forbes if five years from the date of the deed, Columbia had not developed certain industrial facilities or established an industrial park which included the land conveyed. On October 22, 1965, the Forbes conveyed by separate instrument all their rights to the timber on said property to Columbia for Six Thousand Eight Hundred Ten and No/100 ($6,810.00) Dollars. In 1965 and 1966, Columbia cut some of the timber from the property involved, though the evidence is not clear as to whether all of the timber was cut and from what parts of the land.
In 1973, this Court ruled that the conditions, set forth in the contract which entitled the Forbes to a reconveyance of the 160 acres of land, existed and that Columbia should be mandated to reconvey the property to them in accord with the terms of the contract entered into by the parties on July 3, 1965. The opinion stated, ". . [J]udgment is entered here requiring Columbia to convey to Forbes the property involved in this case within sixty days after the mandate of this Court ...". The mandate stated, "... [A] decree is entered here requiring Columbia Pulp & Paper Company, Inc. to convey to Hoyt Forbes and Mrs. Hilda Nell T. Forbes, his wife, the property involved in this case within 60 days after the mandate of this Court ...". Following this mandate, Columbia executed a deed to the Forbes conveying the subject property, but in said deed they included a reservation of timber rights for a period of two years, using the same terminology contained in the initial *736 deed executed July 3, 1965 from Forbes to Columbia. The Forbes were willing to pay the sum required of them by the contract and by the order of the Supreme Court in return for a reconveyance of the property to them, but they were unwilling to do so with the timber reservation. Columbia was unwilling to execute the deed under the mandate, without the provision for timber reservation. Columbia then filed a petition to enforce the mandate of the Supreme Court so as to permit them to reserve the timber and Forbes filed a bill of complaint in the Chancery Court of Marion County seeking to force Columbia to execute the deed without any reservation of timber and deliver it upon the payment of the required sum.
The principal issue here is whether the timber on the subject property was covered by the former opinion of this Court. If the timber was covered, then the doctrine of res judicata would apply and it would not be proper to relitigate the rights to the timber.
The appellee contends that the issue of res judicata was not timely raised before the lower court and is not properly before this Court. We must address this issue before determining whether the doctrine should be applied to the case at bar. In their pleadings, the appellants did not allege per se that the matter was res judicata, but the appellants did file an action based upon the mandate and opinion of the Supreme Court and attached them to their pleadings in the lower court. The appellee had already tendered a deed with the timber reservation and the purpose of the bill of complaint filed by the appellants was to require the appellee to execute the deed without the timber reservation, and they based their action upon the opinion of this Court which was exhibited with their bill of complaint. In the case of Webb v. Jackson, 174 Miss. 808, 165 So. 809 (1936), this Court quoted the United States Supreme Court in determining whether the res judicata issue was properly before the Court as follows: "If there has been a conclusive adjudication of the subject in some other court, it is the duty of him who relies upon it to plead it or in some manner bring it to the attention of the court in which it is sought to be enforced." 174 Miss. at 813, 165 So. at 810. It appears clear that the appellants brought the issue of the former opinion to the attention of the trial court by attaching the opinion to their bill of complaint and in seeking enforcement thereof. Therefore, this Court is of the opinion that the issue was timely raised and is properly before this Court.
Res judicata is not only a bar to further litigation concerning the exact issues of the former lawsuit, but goes further as set out by this Court in the case of Pray v. Hewitt, 254 Miss. 20, 179 So.2d 842 (1965), wherein the Court said:
"... [T]he rule is often broadly stated in general terms that a judgment is conclusive not only on the questions actually contested and determined, but on all matters which might have been litigated and decided in that suit." This rule has been approved and adopted in this State. 254 Miss. at 24, 179 So.2d at 844.
Likewise, the Court stated in the case of Golden v. Golden, 246 Miss. 562, 151 So.2d 598 (1963):
Moreover, a prior suit is conclusive in a subsequent suit not only of matters actually determined, but also matters which could and should have been determined in the prior suit. 246 Miss. at 568, 151 So.2d at 600.
In applying this principle in Pray, supra, the Court was dealing with enforcement of a contract as we are in this case, and there the Court said, "The contract was pertinent to the issue involved and was pleaded and tendered as an issue in the former suit. Therefore all rights to enforce the contract were settled by the former decree." 254 Miss. at 24, 179 So.2d at 844. In dealing with the res judicata issue in Pray, supra, the Court set forth four essentials for applying the doctrine. Appellee contends that two of these essentials are not met here in that there is no identity of things sued for and no identity of cause of action between this suit and the former suit. We disagree. *737 The first suit was a suit to enforce the reconveyance of property described in the contract of July 3, 1965, simply as 160 acres of land. The contract provided for no reservation of timber. The cause of action now before the Court still seeks to enforce the terms of that contract and to require the reconveyance of the property without reservation of the timber.
Based on the above quotations from Pray, supra, it appears clear that the law in this state is that where both matters arise out of the same contract, there is the identity of things sued for and the identity of causes of action as called for in Pray. It is therefore the conclusion of this Court that the doctrine of res judicata does apply, that the former opinion of this Court is controlling, and that the lower court was bound by the provisions thereof.
Let us now consider whether the former opinion of this Court required the conveyance of the timber or whether Columbia had the right to reserve it for a period of two years as in the initial deed from the Forbes. The initial contract between the parties provided for the reconveyance of the "property" and the property referred to was 160 acres of land described in the contract. As above set out, the opinion also provided for the reconveyance of the "property". Obviously in the use of the term "property" in the opinion, this Court was referring to the 160 acres of land specifically described in the contract. Nowhere in the contract is there found any reservation of timber. In the case of Fox v. Pearl River Lumber Company, 80 Miss. 1, 31 So. 583 (1902), this Court clearly held that the term "land" embraces the timber as well as the land itself. In addition, Section 833, Mississippi Code 1942 Annotated (1956), which is now Section 89-1-5, Mississippi Code 1972 Annotated, provides that every conveyance is deemed to be a fee simple title, unless specified otherwise. In the case of Jones v. Hickson, 204 Miss. 373, 37 So.2d 625 (1948), the Court held that an agreement to sell land would mean an agreement for a fee simple conveyance of the land. The Court also held in the case of Wheat v. J.J. White Lumber Company, 150 Miss. 615, 116 So. 103 (1928), that standing timber goes with the land if not specifically reserved. Therefore, we must conclude that the timber on the land was included in the term "property", unless there is some basis for excepting it therefrom.
As we view the facts in this case, there was no intention in the contract to except the timber. The contract itself does not provide for the exception. It does refer to the deed also executed on July 3, 1965, and the deed provides for a reservation of the timber. But even considering the deed, if we apply the principle established by this Court in the case of Hunt v. Gardner, 147 Miss. 374, 112 So. 7 (1927), to-wit:
[I]t is the duty of the court, in construing a contract, to place itself in the situation of the parties at the time the contract was made, and to ascertain their intention from the contract in the light of that situation, looking also to the subject matter of the contract ... 147 Miss. at 382, 112 So. at 8.
We must conclude that it was not the intention of the parties at that time for Columbia to have the right to reserve the timber. As of July 3, 1965, the facts were that the Forbes had conveyed the 160 acres to Columbia for Fourteen Thousand One Hundred Sixty-six and 36/100 ($14,166.36) Dollars. The Forbes had reserved the timber and they had the right to sell the timber to anyone they desired, with the timber reservation being limited to two years. It must be concluded that the parties at that time thought that Forbes himself would either remove the timber or that he would sell it to someone else who would remove it within the two years provided for in the reservation. Under the law in this state, at the end of the reservation period, all timber remaining would revert to Columbia. Wheat, supra. Thus, it must have clearly been the intent of the parties that the timber would be cut before July 3, 1967, and that Columbia, for the Fourteen Thousand One Hundred Sixty-six and 36/100 ($14,166.36) Dollars, was receiving the 160 acres of land, plus all timber remaining on the *738 land as of July 3, 1967. This being the intention of the parties at that time, it would follow that the intention of the parties must have been that Columbia would convey back to the Forbes in 1970, if certain conditions were not met, the 160 acres of land with whatever timber might be on it at the time.
Appellee contends that the conveyance of the timber to Columbia in October, 1965, was a separate transaction and that Columbia is still entitled to reserve its timber obtained by said transaction. We are of the opinion that the rights under the timber deed expired July 3, 1967, and that after that date, Columbia owned the timber by virtue of the initial deed. By virtue of the initial contract, Columbia was obligated to convey the property with such timber as might have remained at the time the conditions set forth in the contract came about. We are of the further opinion that if Columbia contended that the execution of the timber deed in any way changed the rights of the parties under the contract, that it was bound under the res judicata principles set forth above to raise that issue in the former suit.
Appellee also contends that as a court of equity, the chancery court was obligated to grant Columbia the right to remove the timber which it had purchased. The facts are in conflict as to the amount of timber that was removed in 1965 and 1966, but clearly they removed some of the timber from the land in question. However, their position is no different from anyone else who buys timber with a limited period to remove it and if they fail to remove it during that period, they simply lose all rights thereto, for time is of the essence in such a contract.
For the reasons stated, this cause must be and is reversed and a decree entered here requiring Columbia Pulp & Paper Co., Inc., within sixty days after the judgment of this Court becomes final, to reconvey the land described in the bill of complaint to Hoyt Forbes and wife without any reservation of timber upon the payment of Fourteen Thousand One Hundred Sixty-six and 36/100 ($14,166.36) Dollars by the Forbes to Columbia.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.
BROOM, J., took no part.
NOTES
[1] Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.