# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00042-SCT

*ALICE LOGGINS HILL, AS ADMINISTRATRIX*
*OF THE ESTATE OF DEBBIE DENISE*
*LOGGINS, DECEASED*

*v.*

*CARROLL COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/04/2008 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | TIFFANY GAYLE JOHNSON |
| | PETER BYRON GEE, JR. |
| ATTORNEYS FOR APPELLEE: | MICHAEL JEFFREY WOLF |
| | JAN F. GADOW |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 09/24/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRAVES, P.J., RANDOLPH AND PIERCE, JJ.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.    Alice Loggins Hill, administratrix of the estate of Debbie Denise Loggins, appeals to this Court from the Carroll County Circuit Court's entry of a final judgment of dismissal on res judicata grounds.

## FACTS AND PROCEEDINGS IN THE TRIAL COURTS

¶2.    On September 17, 2005, at 5:43 a.m., Carroll County Sheriff's Deputies Michael Spellman and David Mims were dispatched to the scene of a fight between Debbie Loggins

and Patricia McChristian. Spellman arrived at the scene first and ordered the women to put their hands up. Loggins, a 33-year-old female who was five feet, four inches tall and weighed approximately 220 pounds, raised her left arm while continuing to hold McChristian in a headlock. Spellman attempted to place Loggins in handcuffs; she resisted and began to strike Spellman with a flashlight that he had dropped. Spellman eventually was able to place handcuffs on Loggins behind her back as she continued to resist and struggle. Spellman then bound her legs with restraints. Loggins continued to struggle, and Spellman was unable to place her in the squad car.

¶3. Deputy Mims arrived and attempted to help Spellman place Loggins in the squad car, however, the two men were unable to do so. The two officers then combined the leg restraints with the handcuffs behind Loggins's back; a technique known as "hog-tying." The officers subsequently placed her in the squad car. Shortly thereafter, the officers transferred Loggins to Deputy Charles Jones's squad car, where she continued to struggle as they placed her on her stomach in the back seat.

¶4. Deputy Jones transported Loggins from Carrollton, Mississippi, to the Grenada County Jail in Grenada, Mississippi. Upon arrival, an officer observed Loggins to be unresponsive and without a pulse. A jailer administered cardiopulmonary resuscitation (CPR) until emergency services arrived. Loggins was pronounced dead upon arrival at the hospital. A Final Report Autopsy, by Steven T. Hayne, M.D., revealed that the cause of death was "excessive exertional activity with changes of physical exhaustion" and that the manner of death was accidental.

¶5.     Alice Hill, as administratrix for the Loggins estate, filed suit in the United States District Court for the Northern District of Mississippi in May 2006 against Carroll County. The plaintiff essentially alleged, among other allegations, a violation of Loggins's Fourth Amendment rights against unreasonable search and seizure. In particular, Hill argued that hog-tying Loggins and placing her on her stomach in the back of the squad car caused fatal positional asphyxia. On May 13, 2008, the district court granted summary judgment as to Carroll County and dismissed the case. The court found that Hill had failed to create a genuine issue of material fact that hog-tying, under the circumstances of this case, creates a substantial risk of death or serious bodily harm, thereby constituting excessive or deadly force. The court further held that the plaintiff did not bring forth evidence to create a genuine issue of material fact that Loggins's obesity, coupled with the hog-tie restraint, constituted excessive force. Notably, the court also found that "given the totality of the circumstances, the force used was necessary." *Hill v. Carroll County*, U.S. Dist. 2008 WL 2066526 (N.D. Miss. May 13, 2008). The court went on to state that the plaintiff had not proven that the force used was objectively unreasonable.

¶6.     On December 21, 2006, the plaintiff also filed suit in the Circuit Court of Carroll County, arguing that Carroll County was negligent under the Mississippi Tort Claims Act (MTCA). *See* Miss. Code Ann. § 11-46-1 to 11-46-23 (Rev. 2002). Particularly, Hill alleged that Carroll County Sheriff's Department deputies acted in reckless disregard for the safety and well being of Loggins. The trial court granted Carroll County's Motion for Summary Judgment on December 8, 2008. The court found the claim to be barred by the doctrine of res judicata, and placed emphasis on the following facts: Both suits, in federal and state

3

courts, consisted of the same subject matter; both suits consisted of the same causes of action; both suits had identical factual allegations; and both suits had identical parties. Additionally, the court noted that the district court could have had supplemental jurisdiction of the MTCA negligence claim, and since the plaintiff failed to assert it along with the federal claim, the doctrine of res judicata precluded it from being argued in state court. For the foregoing reasons, the circuit court dismissed the case. Hill filed a timely appeal.

## DISCUSSION

### I. Whether the Trial Court Erred in Granting Summary Judgment in Favor of Carroll County Based on the Doctrine of Res Judicata.

¶7. Hill asserts that the trial court erred in granting summary judgment in favor of the defendant, Carroll County (hereinafter "the county"). Specifically, Hill argues that the doctrine of res judicata does not bar her claim, because all four elements of the doctrine are not met. The county argues the converse; that the "identity of cause of action" element was met, because both claims asserted by Hill have identical underlying facts. The trial court found that the doctrine of res judicata precluded Hill from asserting her negligence claim in state court due to the previous adjudication on the merits in federal court. It granted summary judgment in favor of the county. In reviewing this appeal, the Court applies a de novo standard of review to the grant or denial of summary judgment by a trial court. *Channel v. Loyacono*, 954 So. 2d 415, 420 (Miss. 2007).

¶8. Under Mississippi law, plaintiffs must consider carefully the potentially preclusive effect of claim-splitting. "The doctrine of res judicata bars parties from litigating claims 'within the scope of the judgment' in a prior action." *Anderson v. LaVere*, 895 So. 2d 828,

4

832 (Miss. 2004). "This includes claims that were made or should have been made in the prior suit." *Id*. "Res judicata reflects the refusal of the law to tolerate a multiplicity of litigation." *Little v. V & G Welding Supply, Inc.*, 704 So. 2d 1336, 1337 (Miss. 1997). "It is a doctrine of public policy designed to avoid the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005).

¶9.    As noted by this Court, the doctrine of res judicata has two primary functions. "Under the principle known as "bar," res judicata precludes claims which were actually litigated in a previous action. *Harrison*, 891 So. 2d at 232 (citing Jeffrey Jackson & Mary Miller, Encyclopedia of Mississippi Law § 14:6, 350 (2001)). Under the principle known as "merger," res judicata prevents subsequent litigation of any claim that should have been litigated in a previous action. *Id.*

¶10.    In Mississippi, the doctrine of res judicata requires four identities to be present before it applies: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made. *Harrison*, 891 So. 2d at 232. This Court previously has held that "the absence of any one of the elements is fatal to the defense of res judicata." *Estate of Anderson v. Deposit Guar. Nat'l Bank*, 674 So. 2d 1254, 1256 (Miss. 1996). Additionally, once the four identities of res judicata have been established, any claims that could have been brought in the prior action are barred. *LaVere*, 895 So. 2d at 832. The Court hereby reaffirms these holdings.

5

¶11.    The identities of the doctrine of res judicata and the preclusive effect of the presence of those identities are well-woven into the fabric of Mississippi jurisprudence, and are dispositive in this appeal.  The facts and proceedings presented in this case sufficiently meet all four identities and demand that res judicata bar Hill's claim.

### 1.    Identity of the subject matter of the action.

¶12.    "The doctrine of res judicata bars a second action between the same parties on the subject matter directly involved in the prior action."  *Harrison*, 891 So. 2d at 232.  In older cases, this Court has referred to "subject matter identity as identity in the thing sued for." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584 (5th Cir. 2006) (citing *Forbes v. Columbia Pulp & Paper Co.*, 340 So. 2d 734, 736 (Miss. 1976); *Pray v. Hewitt*, 179 So. 2d 842, 844 (Miss. 1965); *Campbell v. Campbell*, 97 So. 2d 527, 528 (1957)).  "More recently, the Court defined subject matter as the 'substance' of the lawsuit."  *Harrison*, 891 So. 2d at 232-233. In the current appeal, the subject matter presented in both the federal and the state suits is the same.  In each suit, the subject matter consists of the method of restraint used by Carroll County deputies and the manner in which the deputies transported Loggins to the Grenada County Jail.

### 2.    Identity of the cause of action.

¶13.    This identity requires the "cause of action" in both suits to be the same.  This Court has defined "cause of action" as the underlying facts and circumstances upon which a claim has been brought.  *Black v. City of Tupelo*, 853 So. 2d 1221, 1225 (Miss. 2003).  However, application of this identity has proven to be somewhat oblique and difficult.  In *Harrison*, this Court provided a succinct explanation to further the understanding of this identity.

6

*Harrison*, 891 So. 2d at 233. Specifically, this Court noted that "Miss. R. Civ. P. 2 was promulgated to relieve confusion as to the term 'cause of action.' The purpose of the rule was to replace 'cause of action' with 'claim' or 'claim for relief,' and therefore provide our courts with 'the freedom and authority to deal pragmatically with any aggregate of operative fact which gave rise to a right enforceable in the courts, consistent with the jurisdiction of the court'." *Harrison*, 891 So. 2d at 233; Miss. R. Civ. P. 2 cmt.

¶14.   This Court further noted that "in cases involving claim preclusion, this distinction [between a different claim as opposed to an additional legal theory] is indeed very important and requires that the parties, as well as the courts, distinguish between what body of fact constitutes a claim and what legal theories attach to that body of fact." *Harrison*, 891 So. 2d at 233.   As such, the latter premise encourages attorneys to join claims for fear of the possibility of being barred from asserting a particular claim in a second suit.   In *Harrison*, this Court stated the ramifications of splitting a claim among two or more suits when it noted that "[W]here a judgment is rendered, whether in favor of the plaintiff or the defendant, which precludes the plaintiff from thereafter maintaining an action upon the original cause of action, he cannot maintain an action upon any part of the original cause of action, although that part of the cause of action was not litigated in the original action." *Harrison*, 891 So. 2d 233-234 (citing *Alexander v. Elzie*, 621 So. 2d 909, 910 (Miss. 1992)).

¶15.   In analyzing the present dilemma, the Court looks past the legal bases asserted and relies more on the factual and transactional relationship between the original action and the subsequent action.   *Harrison*, 891 So. 2d 234.   This analysis, known as the transactional

7

approach, has been referenced by the United States Supreme Court in *Nevada v. United States*, 463 U.S. 110,131, 103 S. Ct. 2906, 77 L. Ed. 2d 509 (1983):

> causes of actions are the same if they arise from the same "transaction"; whether they are products of the same "transaction" is to be determined by "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

¶16.    In this appeal, Hill argues that the doctrine of res judicata does not bar her negligence claim, because it is separate and apart from the U.S. Section 1983 federal claim. Indeed, the two claims appear distinct at first glance. However, under the proper transactional analysis, the claim in the second suit is not separate and apart from the claim in the prior action; it is a legal theory derived from the same underlying facts and circumstances as the prior federal action. The facts and circumstances relied on by Hill in both suits are identical: the method of restraint used by Deputy Jones and the manner in which those deputies transported Loggins to the county jail. Additionally, the pertinent facts are substantially related in time, space, and origin. When viewed in the aggregate, the facts and circumstances comprise one distinct event. This event provides several possible theories of recovery, but only one cause of action. Therefore, the "cause of action" identity is met.

### 3.    Identity of the parties to the cause of action.

¶17.    "To satisfy the identity [of parties] element, strict identity of the parties is not necessary. A non-party defendant can assert res judicata so long as it is in 'privity' with a named defendant." *Harrison*, 891 So. 2d at 236 (citing *Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992); *Nevada v. United States*, 463 U.S. 110, 129, 103 S. Ct.

8

2906, 77 L. Ed 2d 509 (1983)).  In the instant case, the named parties are identical.  Hill, as the plaintiff, named Carroll County as the defendant in her federal suit and state suit.

### 4.    Identity of the quality or character of a person against whom the claim is made.

¶18.    Although this Court has not explicitly defined the identity of the quality or character of a person against whom the claim is made, examples of this identity and its application exist.  In ***Black v. City of Tupelo***, the plaintiff filed suit in federal court alleging various types of misconduct by the city police officers.  ***Black v. City of Tupelo***, 853 So. 2d 1221, 1223 (Miss. 2003).  Once the suit was dismissed, the plaintiff instituted suit in state court based on the same allegations.  ***Id.***  This Court held that the subsequent complaint was barred by the doctrine of res judicata, because all four identities were met.  Particularly, this Court found the fourth identity to be met, because the named defendant was the same as in the previous action.  ***Id*** at 1226.

¶19.    In the instant case, the character and identity of the defendant have remained the same throughout the relevant proceedings.  Carroll County was the named defendant in the federal suit, as well as in the state suit.  As such, the identity of the quality or character of the person against whom the claim is made is present.

### CONCLUSION

¶20.    The Circuit Court of Carroll County properly granted summary judgment in favor of Carroll County based on a finding of res judicata.  In the federal action, the district court considered the briefs, proper authorities, and memoranda, and found that Hill had failed to raise a genuine issue of material fact.  The ruling by the federal district court was a final

adjudication on the merits. Moreover, the four elements of res judicata are sufficiently met, and Hill's current action is barred. The Court affirms the judgment of the Circuit Court of Carroll County.

¶21. **AFFIRMED.**

**WALLER, C. J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND CHANDLER, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY.**