PAYNE v. MCNEELEY.

[85 South. 197, In Banc. No. 21101.]

1. APPEAL AND ERROR. *Question which should have been presented on first appeal cannot be considered on subsequent appeal.*

When a question arises on the record on a first appeal, and could be used to prevent a judgment rendered on such appeal, but was not so used, it cannot be considered on a subsequent appeal; and all questions which might have been presented on the first appeal will be considered adjudicated and settled.

2. PLEADING. *Evidence in bar after judgment quod recuperet is inadmissible.*

Where a defendant filed a plea in abatement upon which issue was taken and a verdict for the plaintiff followed by judgment *quod recuperet*, evidence in denial of liability is not admissible.

3. DAMAGES. *$20,000 for injury to knee reduced to $10,000.*

In an action for personal injury, where the injured person had an earning capacity of eighty dollars per month, and where he had earning power after such injury, and suffered some pain from the injured limb, and was twenty-three years of age, a judgment for twenty thousand dollars for his injuries was excessive.

APPEAL from the circuit court of Wilkinson county.
HON. R. E. JACKSON, Judge.

Action by Clarence McNeeley against the Yazoo & Mississippi Valley Railroad, and Walker D. Hines, Director General of Railroads, in which on motion John Barton Payne was substituted as agent for the Director General. Verdict for plaintiff, and John Barton Payne, agent, appeals. Affirmed on condition of a *remittitur*, and otherwise reversed and remanded for a new trial.

See, also, 119 Miss. 897, 81 So. 641, 82 So. 338, 83 So. 815.

*H. D. Minor, Chas. N. Burch* and *W. F. Tucker,* for appellant.

*D. C. Bramlett, Jr.,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

McNeely brought suit against the Yazoo & Mississippi Valley Railroad for personal injuries. On the former trial the defendant filed a plea in abatement, upon which issue was joined, and a verdict rendered on the plea in abatement for the plaintiff. The trial court refused to enter a judgment *quod recuperet* on the verdict on the plea in abatement, and there was a trial before the jury on the merits and a verdict for the defendant, and the case was appealed to this court. In *McNeeley* v. *Y. & M. V. R. Co.,* 119 Miss. 897, 81 So. 641, the case was reversed, judgment *quod recuperet* entered here, and the cause remanded, with directions for a writ of inquiry to ascertain the damages. There was a trial for the assessment of damages, and verdict returned for twenty thousand dollars for the plaintiff, from which judgment the defendant appeals and assigns numerous errors.

It is first assigned for error on this appeal that the court erred in peremptorily instructing the jury on the plea in abatement on the trial of that issue preceding the former appeal. Under the law of this state the defendant had the right to raise the question of the propriety of that instruction on the former appeal to prevent the judgment *quod recuperet* being entered, but failed to do so, and we think it is too late for that question now to be raised. Where a case is brought a second time upon appeal or writ of error the plaintiff or appellant cannot assign any error which occurred in the proceeding anterior to the taking of the first appeal. All errors and irregularities therein in the original record, and which might have been corrected by the first appeal, must, on the second appeal, be regarded as settled and adjudicated. *Still* v. *Anderson,* 63 Miss, 545; *Caston* v. *Caston,* 54 Miss. 512; *Ogden* v. *Larrabee,* 70 Ill. 510; *Hook* v. *Riche-*

*son,* 115 Ill. 431, 5 N. E. 98; *Washburn, etc., Co.* v. *Chicago, etc., Co.,* 119 Ill. 30, 6 N. E. 191; *Union Mutual Life ns. Co.* v. *Kirchoff,* 149 Ill. 536, 36 N. E. 1031; *Meredith* v. *Clarke,* Sneed Ky. Dec. 189; *Bushnell* v. *Brown,* 8 Mart. (N. S.) 157; *McWilliams* v. *Walthall,* 77 Ga. 7; *Mason* v. *Mason,* 68 Ky. (5 Bush) 187; *Carter* v. *Hough,* 89 Va. 503, 16 S. E. 665. It is important that lawsuits have an end, and that cases be tried not by piecemeal.

We therefore think, as plaintiff could have presented this assignment on the former appeal to prevent the judgment of quod recuperet being entered, that it is too late to present the question now, and the court will not look on the evidence on a former hearing to determine the propriety of the peremptory instruction.

It is also assigned for error that the court erred in excluding evidence of the witness Kerr after the judgment *quod recuperet* was entered by this court on the second trial to show nonliability of the defendant, and also to show the contributory negligence of the plaintiff. The question as to liability or the propriety of the judgment *quod recuperet* was fully considered in the former appeal, and on the authorities therein cited the law was well settled that the liability is established.

The United States supreme court is in line with the decisions of this court that the plaintiff cannot be heard on the merits after judgment in favor of the plaintiff on issue joined on plea in abatement. *Grand Chute* v. *Winegar,* 15 Wall. 355; at page 371, 21 L| Ed. 173, where that court said:

"A party having his plea in abatement passed upon by a jury, and found against him, is not permitted to set up the same matter in bar and again to go to the jury upon it."

As to the second part of the assignment assigning error on exclusion of evidence to show contributory negligence of the plaintiff, the record does not support this

assignment.  We must consider the ruling by what was said by the defendant to the court in tendering the proof. The question propounded to that witness was:

"Tell the jury here all you know about this injury, and how come Mr. McNeely to be struck by the train? (Objection by plaintiff to defendant going into the merits of this case.)

"By the Attorney for the Defendant: Defendant desires to prove by this witness and other witnesses, being the crews on trains Nos. 97 and 98, that it was not the fault of the defendant railroad company that Clarence McNeely was struck and injured on April 26, 1918, but that it was his own gross negligence in stepping upon the track within twenty feet of a fast approaching train, when the engineer could not stop the train and the accident was inevitable. (Objection by plaintiffs, because the supreme court of the state of Mississippi has held that the railroad company was liable, and the only issue up to this jury is the extent of the injury and amount of damages to be assessed against the defendant for such injury. Objection sustained, and the defendant excepts.)"

There was no offer, nor a statement of a purpose, to use this evidence in mitigation of damages, nor does the defendant state to the court that it expects to prove the contributory negligence of the defendant in mitigation of damages. The sole purpose deducible from the statement of the defendant was that the evidence was to be used to show that it was not the fault of the railroad company that the plaintiff was injured, but that the accident was inevitable. Clearly a statement in justification, and not of mitigation.

The plaintiff was offered as a witness in his own behalf, and was cross-examined by the defendant, and no effort was made to show negligence on his part in mitigation of damages.

The trial court would probably have admitted evidence of contributory negligence in mitigation of damages, had the purpose of the defendant been disclosed to the court, and had proper proof been offered. At all events we do not think the assignment on the showing made in the record is well taken.

It is also assigned for error that the verdict for twenty thousand dollars is excessive. We have examined the testimony bearing on the plaintiff's injury, together with his earning capacity and circumstances surrounding him at the time and since the injury, and have reached the conclusion that the testimony does not warrant a verdict for twenty thousand dollars. The plaintiff was a young man, twenty-three years of age, earning eighty dollars per month at the time of the injury, and has some earning capacity since the injury, but has some trouble because of the injury to his knee, which there is proof to show is permanent, and which injury interferes with his work, and when he stands upon his feet the injured knee swells up and gives him some pain. There was evidence for the defendant that the injury was not permanent. Taking the facts as testified to by the plaintiff and his witness as being true, we think that the largest verdict which could be authorized under the evidence in this record is ten thousand dollars. If the plaintiff will remit all above ten thousand dollars the judgment will be affirmed. Otherwise it will be reversed and remanded for a new trial.

*Affirmed, with remittitur.*