## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 92-CA-01220-SCT

*IN THE MATTER OF THE ESTATE OF CHARLES MAURICE ANDERSON, DECEASED: HOWARD W. DAVIS*

*v.*

*DEPOSIT GUARANTY NATIONAL BANK, FRANK U. PARENT AND JEFFREY D. HALL, OFFICERS OF DEPOSIT GUARANTY NATIONAL BANK TRUST DIVISION AND TAYLOR AND DYKES FORESTRY, INC. AND J. MARVIN TAYLOR, PRESIDENT AND CO-OWNER OF TAYLOR AND DYKES FORESTRY, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/30/92 |
| TRIAL JUDGE: | HON. R. B. REEVES JR. |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | HOWARD W. DAVIS, PRO SE |
| ATTORNEYS FOR APPELLEES: | JOHN S. MCDAVID |
| | T.F. BADON |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS AND ESTATES |
| DISPOSITION: | AFFIRMED - 5/9/96 |
| MOTION FOR REHEARING FILED: | 5/23/96 |
| MANDATE ISSUED: | 6/27/96 |

**BEFORE DAN M. LEE, C.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Howard W. Davis filed complaint in the Chancery Court of Amite County contesting the power of Deposit Guaranty National Bank, trustee of the estate of Charles M. Anderson, to harvest timber from certain real property devised by Anderson as part of a trust for the purpose of educating Anderson's heirs. The chancery court entered a decree of dismissal after finding Davis's claim barred by the doctrine of res judicata. Because Davis should have raised his claim regarding the sale of timber in a previous cause of action, we find this cause of action barred by res judicata and affirm the chancery court's decree of dismissal.

### I.

¶2. The last will and testament of Charles Maurice Anderson was admitted to probate by decree of the Chancery Court of Amite County on December 31, 1984. One provision of the will established a trust involving a 960-acre plot of land, the income of which was to be used for the benefit of educating certain

heirs. Paragraph IX of the will provided in part:

> The Trustee shall use all of the income from the above described property [960 acres], be it timber, minerals or such other income which may develop in the future for the education of the descendants of F. A. Anderson, Sr. for a period of twenty-five (25) years from the date of this Last Will and Testament for probate. The Trustee shall not be authorized to sell and dispose of the real property but only use the income therefrom and it shall do so without any limitation whatsoever.

¶3. On March 14, 1986, Deposit Guaranty National Bank ("DGNB"), the executor and trustee named in the will, petitioned the chancery court for construction of the will and instructions regarding its powers and authority to manage the trust property. Davis filed a response requesting the court to declare void the paragraph the will establishing the trust, and to have the property mentioned in that paragraph distributed to him as the residuary devisee.

¶4. The Chancery Court of Amite County entered a decree finding the trust valid and directing the Trustee, DGNB, to establish a plan for its administration. In the case of *In re Estate of Anderson*, 541 So. 2d 423 (Miss. 1989), this Court upheld the decree with only one modification regarding construction of the trust in order that the rule against perpetuities would not be violated. *Id*. at 427-34, 436. This Court also found that the use of the word "education" in the trust was neither too vague nor inadequate to allow the trustee to distribute the money equitably among the proposed beneficiaries. *Id*. at 434-36.

¶5. On January 13, 1992, Davis filed a complaint for a permanent injunction seeking to prevent DGNB as trustee from selling timber from the trust property. DGNB answered the complaint asserting the defenses of collateral estoppel and res judicata. At a hearing on July 14, 1992, DGNB was granted its requested M.R.C.P. 41(b) motion to dismiss on the basis that Davis's claims were barred by res judicata, and an order denying the permanent injunction was entered. The court subsequently denied Davis's motion for a new trial, and he filed his notice of appeal on November 30, 1992.

## II.

¶6. Four identities must be present for the doctrine of res judicata to apply: (1) identity of the subject matter, (2) identity of the cause of action, (3) identity of the parties, and (4) identity of the quality or character of a person against whom a complaint is made. *Aetna Casualty and Surety Co. v. Berry*, No. 91-CA-00107-SCT, slip op. at 22-23 (Miss. Feb. 15, 1996); *Dunaway v. W.H. Hopper & Assocs.*, 422 So. 2d 749, 751 (Miss. 1982). The absence of any one of the elements is fatal to the defense of res judicata. *True-Hixon Lumber Co. v. Thorn*, 155 So. 181, 183 (Miss. 1934).

¶7. If all four of these identities exist, then the parties may not relitigate any of the issues which were tried or should have been tried in the previous lawsuit. *Johnson v. Howell*, 592 So. 2d 998, 1002 (Miss. 1991); *Golden v. Golden*, 151 So. 2d 598, 600 (Miss. 1963). All defenses or grounds for recovery that were available in the first suit on the same cause of action are barred even though they may not have been previously asserted. *Alexander v. Elzie*, 621 So. 2d 909, 910 (Miss. 1992).

¶8. In *Forbes v. Columbia Pulp & Paper Co.*, 340 So. 2d 734 (Miss. 1976), the Forbes filed suit to enforce a contract requiring Columbia to reconvey land to them. A decree was entered requiring Columbia to reconvey the property pursuant to their contract with the Forbes, but Columbia did so with a two-year reservation of timber rights. *Id*. at 735. In a subsequent action brought by the Forbes to enforce the

conveyance without reservation of timber rights, we ultimately held that Columbia was barred by the doctrine of res judicata from reserving the timber rights since it should have raised this issue in the prior suit involving the same contract. *Id*. at 737. This Court stated, "it appears clear that the law in this state is that where both matters arise out of the same contract, there is identity of things sued for and the identity of causes of action." *Id*.; *see also **Pray v. Hewitt***, 179 So. 2d 842 (Miss. 1965) (where contract was pertinent issue involved in former suit, subsequent action to enforce contract was settled by previous cause of action).

¶9. As in ***Forbes***, the case at hand arose from the same written instrument as in the previous cause of action. Both causes of action originated out of the same paragraph of Anderson's will which established a trust for the purpose of educating his heirs. Because both causes of action involved the same written instrument, we find there is identity in the subject matter and causes of action.

¶10. Although Davis contends that the issue regarding DGNB's authority to cut timber on the subject property was never argued during the previous trial, the prior suit involved the general construction of the same trust. The entire first cause of action likewise dealt with DGNB's general authority as Trustee to manage the trust. *See **In re Estate of Anderson***, 541 So. 2d at 434-36. The parties in this dispute even entered the following stipulation during the first cause of action:

> If the trust is determined to be valid, then the highest and best use of the surface of the land is silviculture, and will yield a maximum of revenue by utilization to produce timber and forest products under professional management by a forester.

The chancellor then decreed that the trust "authorizes the Trustee to sell timber and other trust assets except real property, and to execute mineral leases and surface leases."

¶11. Davis failed to raise any objections to this Court regarding DGNB's authority to harvest timber before we rendered the decision of ***In re Estate of Anderson***, 541 So. 2d 423 (Miss. 1989). We concldue that this issue could have and should have been settled in the first suit. *See **Paynes v. McNeely***, 123 Miss. 248, 85 So. 197 (1920) (all questions which might have been presented on appeal will be considered adjudicated and settled in subsequent appeals).

¶12. We find unpersuasive Davis's argument that the addition of several DGNB officers as party defendants in this second action defeats the identity of parties needed for res judicata to apply. This suit involves the powers of DGNB as trustee, and there is no allegation or indication that the bank officers in this case were operating in any other capacity than as employees of DGNB in managing the trust. Thus, all four identities necessary to apply res judicata are present in the case at hand. The chancellor properly granted DGNB's requested dismissal under M.R.C.P. 41(b) as this action is barred by the doctrine of res judicata.

¶13. **JUDGMENT IS AFFIRMED**.

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. PRATHER, P.J., NOT PARTICIPATING.**