BRIDGES, J.,
for the Court:
¶ 1. This is an appeal from the Circuit Court of Itawamba County, Honorable Barry W. Ford presiding, in which Jerry Sorrels II’s petition for post-conviction relief was dismissed without an evidentiary hearing. On appeal to this court, Mr. Sorrels brings one issue:
THE TRIAL COURT ERRED IN DENYING APPELLANT’S PETITION WITHOUT AN EVIDENTIARY HEARING.
Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On February 12, 1994, Jerry Sorrels II was traveling with some friends from Memphis, Tennessee to Fulton, Mississippi, so they could pick up his sister. On the way there, one of the people in the car, a young man by the name of Bullington, decided to break into a drug store. Upon arriving at a drug store in Fulton, Bulling-ton and another young man went inside the drag store while Sorrels stayed in the car. Sorrels was to shoot at any policemen who might show up. A police car drove up to the drug store while on patrol, and Sorrels shot at it. While Sorrels was trying to escape in the car, the police shot out the car’s tires, and the car crashed into a ditch. The two men inside the drag store were arrested, as were the remaining passengers in the car. Sorrels was found hiding in the bathroom of a gas station one-hundred yards away from the scene of the accident, and the shotgun that was used to shoot at the police was found buried one-hundred and fifty yards from the accident.
¶3. Jerry Sorrels II was convicted on March 2, 1995, of the crimes of burglary and aggravated assault and was sentenced to serve terms of seven years and twenty years with the Mississippi Department of Corrections to ran concurrently. He was convicted based on the testimony of Bull-ington, those who were in the car at the time of the crime, and based on a confession Sorrels gave in his bond hearing. Sorrels gave the confession in an effort to somehow mitigate his bond. It was given based on advice of counsel, who mistakenly thought the confession would not be admissible at trial.
¶4. Sorrels appealed his case to the Mississippi Court of Appeals on the grounds that the confession was inadmissible, and that he received ineffective assistance of counsel. This Court found that the confession was admissible as a statement against interest, and that Sorrels had received effective assistance of counsel. His conviction was upheld. Sorrels then appealed to the Mississippi Supreme Court which refused to grant his case writ of certiorari.
*762 ¶ 5. Following an affirmance by the supreme court of a criminal conviction on direct appeal, no post-conviction relief can be sought without first filing an application with that court for leave to proceed. Miss. Code Ann. § 99-39-7 (Rev.1994). Sorrels interpreted that provision to require leave when it is the Court of Appeals that affirmed the conviction. See Miss.Code Ann § 9-4-3 (Supp.1999). On April 13, 1999, the supreme court granted Sorrells’ request. Sorrels then filed a petition for post-conviction relief with the Itawamba County Circuit Court, based on the claim that he was denied effective assistance of counsel in his first trial. The trial judge dismissed Sorrels’s claim without an evi-dentiary hearing, and that is the basis of his appeal today.
LEGAL ANALYSIS
¶ 6. Sorrels claims the trial court erred in denying his petition without an evidentiary hearing. His basis for this is that he claims he was denied effective assistance of counsel, and therefore an evi-dentiary hearing should be conducted to investigate this claim. However, Sorrels raised the claim of ineffective assistance of counsel in his direct appeal to this Court. In his direct appeal, Sorrels claimed that since his attorney was not allowed to take a break during the trial and recover from his exhaustion, Sorrels was denied effective assistance of counsel. This claim was ruled upon and this Court held that it had no merit.
¶ 7. Because Sorrels raised the claim of ineffective assistance of counsel, he is barred by res judicata from raising the same claim here. Res judicata applies when four identities are present: (1) identity of the subject matter, (2) identity of the cause of action, (3) identity of the parties, and (4) identity of the quality or character of the person against whom a complaint is made. Estate of Anderson v. Deposit Guar. Nat’l Bank, 674 So.2d 1254 1256 (Miss.1996). In this case the identities are met. The subject matter is the same in that both cases deal with ineffective assistance of counsel. The cause of action is similar in that it is an appeal of Sorrels’s conviction. The parties are the same, Sorrels and the State, and the person against whom the complaint is made is the same because the appeal is asserted against the State. Because the four identities are met, Sorrels’s claim of ineffective assistance of counsel is barred by res judi-cata.
¶ 8. The basis upon which he asserts this claim is not that Sorrels’s attorney was unable physically to represent Sorrels, but that his attorney had given him bad advice by telling Sorrels to make a confession during his bond trial, and that said confession could not be used against him. Since he raised the claim of ineffective assistance of counsel during his direct appeal, the proper time for Sorrels to have raised this basis for his claim would have been during his direct appeal. For this reason, the trial court was correct in dismissing Sorrels’s claim without an evidentiary hearing because the claim of ineffective assistance of counsel was barred as res judicata.
¶ 9. Therefore, the appellant’s claim being procedurally barred, this Court agrees with the lower court and affirms its judgment.
¶10. THE ORDER OF THE ITA-WAMBA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, MYERS, *763 PAYNE, AND THOMAS, JJ., CONCUR. McMILLIN, C.J., CONCURRING IN RESULT ONLY.