**FILED**

SEP 1 0 2020

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

Serial: **232505**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2020-M-00529-SCT

*CANNON IMPORT OF VICKSBURG,*
*LLC D/B/A CANNON HONDA, CANNON*
*VICKSBURG, LLC AND CANNON*
*MOTOR COMPANY, INC.*

*Petitioners*

*v.*

*KYLE PROVANCE AND ROMAN*
*EMBRY*

*Respondents*

### EN BANC ORDER

Before the en banc Court are (1) the Petition for Interlocutory Appeal by Permission filed by Petitioners; (2) the Response in Opposition to Petition for Interlocutory Appeal by Permission and Motion for Stay filed by Respondents; (3) Statement Regarding Defendants' Motion for Interlocutory Appeal filed by Judge M. James Chaney Jr.; (4) Motion to Stay Cause No. 20-0013-CI Pending Interlocutory Review filed by Petitioners; (5) Plaintiffs' Response to Memorandum in Support of Defendants' Motion to Stay Cause No. 20-0013CI Pending Interlocutory Appeal filed by Respondents; (6) Supplement to Petition for Interlocutory Appeal by Permission filed by Petitioners; (7) Respondents' Supplemental Response in Opposition to Petition for Interlocutory Appeal by Permission and Motion for Stay; (8) Rebuttal to Plaintiffs' Opposition to Cannon's Petition for Interlocutory Appeal by Permission filed by Petitioners; (9) Plaintiffs' Motion to Strike Defendants' Rebuttal to

Plaintiffs' Opposition to Cannon's Petition for Interlocutory Appeal by Permission filed by Respondents; and (10) Opposition to Plaintiffs' Motion to Strike filed by Petitioners.

After due consideration, we find that the petition for interlocutory appeal, the motion to stay, and the motion to strike should be granted.

IT IS THEREFORE ORDERED that the Petition for Interlocutory Appeal by Permission and the Motion to Stay Cause No. 20-0013-CI Pending Interlocutory Review are granted. Trial court proceedings in the Circuit Court of Warren County in Cause No. 20-0013-CI are stayed until the issuance of the mandate of the Supreme Court of Mississippi in this appeal.

IT IS FURTHER ORDERED that the Plaintiffs' Motion to Strike Defendants' Rebuttal to Plaintiffs' Opposition to Cannon's Petition for Interlocutory Appeal by Permission is granted.

SO ORDERED, this the ___ day of September, 2020.

_____
T. KENNETH GRIFFIS, JUSTICE
FOR THE COURT


AGREE: RANDOLPH, C.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ.

KING, P.J., OBJECTS TO THE ORDER WITH SEPARATE WRITTEN STATEMENT JOINED BY KITCHENS, P.J.

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 2020-M-00529-SCT

*CANNON IMPORT OF VICKSBURG,*
*LLC D/B/A CANNON HONDA, CANNON*
*VICKSBURG, LLC AND CANNON*
*MOTOR COMPANY, INC.*

*v.*

*KYLE PROVANCE AND ROMAN*
*EMBRY*

**KING, PRESIDING JUSTICE, OBJECTING TO THE ORDER WITH SEPARATE WRITTEN STATEMENT:**

¶1. The majority grants the request by Petitioners Cannon Import of Vicksburg, LLC d/b/a Cannon Honda, Cannon Vicksburg, LLC, and Cannon Motor Company, Inc., for an interlocutory appeal and issues a stay of the proceedings in the trial court. Because the actions of the majority are inconsistent with Mississippi Rule of Appellate Procedure 5, I object to the entry of the order.

¶2. Appellate Rule 5(a) states,

> An appeal from an interlocutory order may be sought if a substantial basis exists for a difference of opinion on a question of law as to which appellate resolution may:
>
> (1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or
>
> (2) Protect a party from substantial and irreparable injury; or
>
> (3) Resolve an issue of general importance in the administration of justice.

M.R.A.P. 5(a).

¶3.    Cannon presented three questions to this Court for interlocutory appeal. Those questions are:

a. Whether Plaintiffs' claims against Petitioners in *Provance II*, in light of *Provance I*, constitute claim-splitting.

b. Whether, pursuant to Mississippi Rule of Civil Procedure 56, Petitioners showed there are no genuine issues of material fact regarding whether the Plaintiffs' claims are barred by claim-splitting.

c. Whether the following four requirements of claim-splitting are met in the above-captioned case, thereby precluding Plaintiffs from bringing suit against Petitioners: (1) identity of subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity or character of a person against whom the claim is made.

¶4.    While Cannon has stated its request for interlocutory appeal as three separate questions, it is in reality only one question. That one question is as follows: have Plaintiffs, as a matter of law, engaged in impermissible claim splitting? If this question is appropriate for interlocutory appeal, it would have to be a matter which under Rule 5(a)(1), "[m]aterially advances the termination of the litigation and avoids exceptional expense to the parties . . . ."[1] M.R.A.P. 5(a)(1).

¶5.    After denying Cannon's motion for summary judgment based on claim splitting, the Warren County Circuit Court, upon the request of Cannon, entered the following written findings of fact and conclusions of law:

---

[1]Some may suggest that interlocutory appeal might be appropriate under Rule 5(a)(3) as the resolution of "an issue of general importance in the administration of justice." M.R.A.P. 5(a)(3). However, in the last twenty-five years, this Court has only addressed seven claim-splitting cases. That there have been so few cases would seem to indicate that this is not a matter of such "general importance to the administration of justice" to require granting an interlocutory appeal.

4

This matter arises from a January 27, 2017 car accident that occurred in Warren County, Mississippi. Plaintiffs alleged that Kyle Provance was operating a 2002 Chevrolet Trail Blazer with Roman Embry as a passenger. George Payton Price, III was operating a 2011 Volkswagen. The vehicles collided head-on, resulting in injuries to Plaintiffs.

In 2018 Plaintiffs first filed suit against only Price (hereinafter "*Provance I*") seeking damages arising out of the January 27, 2017 accident and later obtaining a default judgment against Price. On January 24, 2020, Plaintiffs filed this suit against [Cannon], asserting that Cannon is liable for negligent entrustment of the vehicle to someone it knew, or should have known, had no drivers license, had a record of moving violations and DUI convictions, and was uninsurable.

Cannon filed its Motion for Summary Judgment on March 25, 2020. On May 12, 2020, Cannon's Motion for Summary Judgment was heard and denied. On May 14, 2020, an Order reflecting this ruling was entered. Cannon moved for this Court to issue written findings of fact and reasons for judgment pursuant to Rule 52 of the Mississippi Rules of Civil Procedure, which request this Court granted via order dated June 4, 2020.

Summary judgment is appropriate and 'shall be rendered' if the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Karpinsky v. American Nat. Ins. Co.*, 109 So. 3d 84, 88 (Miss. 2013). The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law. *Palmer v. Biloxi Regional Medical Center, Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990) (internal citations omitted).

A motion for summary judgment lies only where there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried. *Brown v. Credit Center, Inc.*, 444 So. 2d 358, 362 (Miss. 1983) (quoting Advisory Committee Comment) (emphasis in original). Where the record is unclear the doubt should be resolved in favor of trial on the merits. *Palmer*, 656 So. 2d at 798 (Banks, J., concurring) (citing *Brown*[, 444 So. 2d at 362)].

For the bar of claim splitting and *res judicata* to apply in Mississippi there are four (4) identities which must be present: (1) identity of the subject matter of

the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made. *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005) citing *Quinn v. Estate of Jones*, 818 So. 2d 1148, 1151 (Miss. 2002); *Dunaway v. W.H. Hopper & Assocs., Inc.*, 422 So. 2d 749 (Miss. 1982). The absence of any one of the elements is fatal to the defense of *res judicata*. *Estate of Anderson v. Deposit Guar. Nat'l Bank*, 674 So. 2d 1254, 1256 (Miss. 1996). . . .

To briefly restate Plaintiff's argument as articulated in the Response in Opposition, Defendants' Motion for Summary Judgment rested on the argument that the four identities identified in *Harrison* are applicable with respect to the relationship between Defendants and the defendant in *Provance I*, the defaulting party in that action. Defendants failed to meet their burden of showing on undisputed facts, that the above referenced four identities were met. "[T]he absence of any one of these four identities 'is fatal to the defense of *res judicata*.[']" *Hill v. Carroll County*, 17 So. 3d 1081, 1085 (Miss. 2009).

The action in *Provance I* sought damages against Price alone for his tortuous conduct for operating a vehicle while impaired.

The underlying subject matter in the case at bar, in contrast, concerns the negligence of the Cannon Defendants as to their decision to allow a person who was employed by them to drive one of their vehicles when they knew, that based on his prior history of moving violations and DUI convictions and his lack of a valid driver's license, that he had no business operating a motor vehicle, or purchasing a motor vehicle. Plaintiffs' theory of negligent entrustment is plainly not identical to the theory on which Plaintiffs secured default judgment in *Provance I*. The first identity articulated in *Harrison* is not present. For this reason alone, Defendants' argument as to "claim-splitting" fails for the purpose of their argument in favor of summary judgment. That fatal flaw, of itself, is sufficient grounds for this Court to deny the Motion.

The third identity, identity of the parties, is likewise not met. Defendants implicitly concede that Price and Defendants are not the same person. Instead, Defendants claim they are in privity with Price for the purposes of their summary judgment argument. To satisfy the identity [of parties] element, strict identity of the parties is not necessary. But a non-party defendant can assert *res judicata* only if it is in 'privity' with a named defendant. *Harrison*, 891 So. 2d at 236-237. Mississippi follows the general rule that parties must be substantially identical for *res judicata* to apply. *Hogan v. Buckingham ex rel.*

6

*Buckingham*, 730 So. 2d 15, 18 (Miss. 1998) (citing *Cherry v. Anthony, Gibbs, Sage*, 501 So. 2d 416, 418 (Miss. 1987)). Defendants have made no such showing of privity.

In *Harrison*, the plaintiffs had twice sued their own insurer in successive actions which allowed the Court to find that the identity of the parties was met. Compare this to *McIntosh v. Johnson*, 649 So. 2d 1910 (Miss. 1995)[,] where there was no privity between a church organization and an individual who was also a trustee of the church in a successive action; and *Hogan*, 730 So. 2d 15 at 18[,] where there was no privity between litigants in prior paternity actions and an estate administrator in a successive action. Defendants have made no factual representations as to how privity applies between them and Price. He was an employee only and there is no claim that he was acting in the scope of his employment at the time of the accident.

Defendants claim privity is met through their insurer, Federal Insurance Company. After one of the default judgments was entered in *Provance I*, a Writ of Garnishment was filed against Federal as Cannon's insurer. The whole premise in *Provance I* was and is the ownership of the vehicle that Price was operating at the time of the collision in January, 2017. If Cannon owned the vehicle, as Plaintiffs contend, then Cannon's insurance may follow the vehicle, thus the filing of the garnishment proceeding. Federal's only presence was that of a garnishee in a separate ancillary proceeding to collect a judgment.

During oral argument on the Motion for Summary Judgment, Defendants' conceded that but for the garnishment their argument for privity would be impaired. This Court finds that a garnishment alone fails to satisfy their burden to show identity of the parties. Finding privity because Federal is the insurer of Cannon in this cause and a garnishee in *Provance I* is a stretch this Court is not willing to take.

Likewise, the fourth *Harrison* element – identity of the quality or character of a person against whom the claim is made has not been met. There is no dispute that none of the Cannon Defendants were a party to the original liability action *Provance I*. There is likewise no dispute that Price has no ownership interest in any of the Cannon entities or has any right to control any of the actions of the Cannon Defendants, and has had no agency relationship with any of the Cannon Defendants at any time. The damages sought and the theory of liability alleged in *Provance I* were strictly confined to Price alone in his individual capacity. There is no allegation in the pleadings in *Provance I* that any of the Cannon Defendants were vicariously liable for Price's tortuous conduct. Defendants' insurer, Federal, responded to the Writ of Garnishment seeking

7

recovery under the garage insurance policy issued to Defendants in the post-judgment collection proceedings. That involvement simply boils down to a dispute over liability coverage which Defendants' insurer has strenuously denied. Defendants have not shown and cannot show that the fourth identity, "quality of character" has been met or can be met in this action.

Cannon has conceded for the purposes of its Motion for Summary Judgment that the allegations in Plaintiffs Complaint may be deemed admitted.

The Complaint alleges that at the time of the accident, Price was driving a 2011 Volkswagen owned by Cannon and that Price was driving said vehicle with the permission of Cannon.

Title to said vehicle was only transferred to Price more than two (2) months after the crash in which the car was totaled.

Cannon allowed Price to drive its car knowing he did not have a valid driver's license due to numerous driving violations including DUIs.

If Cannon actively concocted a scheme of fraudulent in house financing and delayed transfer of title so as to permit and empower an unlawful operator to endanger the public then another jury question may be present.

THERE ARE, THEREFORE, many questions of fact to be resolved in this litigation. To be sure Plaintiffs have a steep hill they must climb in order to succeed, but at this early stage in the proceedings, the Court is of the opinion that the Motion for Summary Judgment should be denied.

¶6. The Warren County Circuit Court made very detailed findings of fact and applied the law as stated by this Court. As such, this Court's grant of an interlocutory appeal on this issue is a perversion of the Rule allowing interlocutory appeals.

¶7. I would deny the interlocutory appeal and allow this matter to proceed in the trial court.

**KITCHENS, P.J., JOINS THIS SEPARATE WRITTEN STATEMENT.**